Andrew R. McCloskey, State Bar No.179511
McCLOSKEY, WARING & WAISMAN LLP
550 West C Street, Suite 2050
San Diego, California 92101
Telephone No.: 619.237.3095
Fax No.: 619.237.3789

Heather L. McCloskey, State Bar No. 193239
McCLOSKEY, WARING & WAISMAN LLP
1960 East Grand Ave., Suite 580
El Segundo, California 90245
Telephone No.: 310.524.0400
Fax No.: 310.524.0404

Attorneys for Plaintiff
TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation,<br><br>Plaintiff,<br><br>v.<br><br>MOUNTAIN MOVERS ENGINEERING COMPANY, INC., a California corporation; OLD REPUBLIC GENERAL INSURANCE CORPORATION, an Illinois corporation; PACIFIC BUILDING GROUP, a California corporation; and DOES 1 through 50,<br><br>Defendants. | Case No. '16CV2127 H   WVG<br><br>**COMPLAINT FOR:**<br><br>1) **DECLARATORY JUDGMENT – NO DUTY TO DEFEND UNDERLYING ACTION;**<br><br>2) **DECLARATORY JUDGMENT – SATISFACTION OF DUTY TO DEFEND UNDERLYING ACTION;**<br><br>3) **DECLARATORY JUDGMENT – COVERAGE VOIDED BY UNAUTHORIZED SETTLEMENT; and**<br><br>4) **UNJUST ENRICHMENT – REIMBURSEMENT OF UNDERLYING DEFENSE FEES AND EXPENSES PAID BY TRAVELERS;**<br><br>**DEMAND FOR JURY TRIAL** |

///

///

///

COMES NOW, Plaintiff Travelers Property Casualty Company of America ("Travelers") by and through its attorneys, McCloskey, Waring & Waisman, LLP, and for claims of relief against Defendants, alleges as follows:

## THE PARTIES

1. Plaintiff Travelers is, and at all relevant times was, a property and casualty insurance company organized under the laws of the state of Connecticut with its principal place of business in Hartford, Connecticut and is authorized to do and doing business as an insurer in the state of California.

2. Travelers is informed and believes and thereon alleges that defendant Mountain Movers Engineering Contractors, Inc. ("Mountain Movers") is, and at all relevant times was, a corporation organized and existing under California law, whose address is 545 E. Mission Road, San Marcos, CA 92069.

3. Travelers is informed and believes and thereon alleges that defendant Old Republic General Insurance Corporation ("Old Republic") is, and at all relevant times was, a property and casualty insurance company organized under the laws of the state of Illinois with its principal place of business in Chicago, Illinois and is authorized to do and doing business as an insurer in the state of California.

4. Travelers is informed and believes and thereon alleges that defendant Pacific Building Group ("PBG") is, and at all relevant times was, a corporation organized and existing under California law, whose address is 9752 Aspen Creek Court, Suite 150, San Diego, CA 92126.

5. Defendants DOES 1 through 50, inclusive, are sued herein under fictitious names. Their true names, capacities and respective liabilities are unknown to Travelers at this time. When their true names, capacities and respective liabilities are ascertained, Travelers will amend this Complaint by inserting the same herein.

///
///
///

## JURISDICTION AND VENUE

6. This court has original diversity jurisdiction pursuant to 28 U.S.C. §1332 in that this is a civil action between citizens of different states in which the amount in controversy exceeds $75,000, exclusive of interests and costs.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391, since the underlying lawsuit at issue was filed within this district, and, thus, a substantial part of the events or omissions giving rise to the claim occurred here.

8. The declaratory relief portion of this action is brought pursuant to 28 U.S.C. §2201(a).

## GENERAL ALLEGATIONS

9. Travelers Property Casualty Company of America ("Travelers") issued commercial general liability policy DTE-CO-9323B576-TIL-11 to Mountain Movers Engineering Contractors, Inc. ("Mountain Movers"), effective November 9, 2011 to November 9, 2012 (the "Travelers Policy"). The Travelers Policy is attached hereto as Exhibit A and incorporated by reference herein.

10. The Travelers Policy includes a Fungi or Bacteria Exclusion which precludes coverage for "[a]ny loss, cost or expenses arising out of the abating, testing for, monitoring, cleaning up, removing, containing, treating, detoxifying, neutralizing, remediating or disposing of, or in any way responding to, or assessing the effects of, 'fungi' or bacteria, by any insured or by any other person or entity."

11. The Travelers Policy includes the Pollution Exclusion Amendment which precludes coverage for costs or expenses arising out of "Any request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, cleanup, remove, contain, treat, detoxify or neutralize, or in any way respond to or assess the effect of 'pollutants'." The Travelers Policy defines "pollutants" to mean: "any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed."

12. Condition 2 of the Travelers Policy requires that Mountain Movers and any other involved insured must "[c]ooperate with [Travelers] in the investigation or settlement of the claim or defense against the 'suit'" and further provides that "[n]o insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without [Travelers'] consent."

13. On or about October 23, 2013, a complaint was filed in the San Diego Superior Court entitled *Pacific Builders Group, et al, v. Travelers Property Casualty Company of America, et al.*, San Diego Superior Court Case No. 37-2013-00072459-CU-BC-NC (the "Underlying Action"). In the Underlying Action, Old Republic and PBG asserted claims against Mountain Movers seeking the recovery of certain amounts incurred by Old Republic to settle a claim for property damage caused by a sewage spill allegedly arising from Mountain Movers' work at the real property located at 6161 El Camino Real, Carlsbad, California 92009.

14. Mountain Movers tendered its defense in the Underlying Action to Travelers under the Travelers Policy. On or about May 28, 2014, Travelers agreed to provide a defense to Mountain Movers under the Travelers Policy under a reservation of rights (the "Reservation of Rights"). The Reservation of Rights is attached hereto as Exhibit B and incorporated herein by reference.

15. The Reservation of Rights reserved the right to disclaim coverage under the Travelers Policy for the breach of contract, contribution, express indemnity, express warranty, breach of implied warranties and declaratory relief claims asserted against Mountain Movers to the extent that these claims do not seek damages because of covered "bodily injury" or "property damage" caused by an "occurrence" as those terms are defined in the Travelers Policy. The Reservation of Rights also reserved the right to disclaim coverage under the Pollution Exclusion and the Fungi or Bacteria Exclusion of the Travelers Policy. Further, the Reservation of Rights stated that, "[s]hould Travelers assert and prevail on any of the reservations set forth herein, it

does not waive its rights, if any, to seek and demand reimbursement for any indemnity or other payments paid to or on Mountain Mover's behalf or of in connection with the Lawsuit, and will seek and demand reimbursement of any costs of defense as reserved above."

16. Before tendering the Underlying Action to Travelers, Mountain Movers selected Attorney Gregory Hout, Esq. ("Hout") as defense counsel to represent Mountain Movers in the Underlying Action. Travelers agreed to defend Mountain Movers through Hout as Mountain Movers' selected counsel pursuant to the terms of the Reservation of Rights. Travelers paid the reasonable, necessary and substantiated attorneys' fees and expenses submitted by Hout to Travelers from the date of tender through Mountain Movers' settlement of the Underlying Action.

17. The claims asserted by Old Republic and PBG against Mountain Movers in the Underlying Action were resolved through a Settlement Agreement, Stipulation to Liability, Stipulated Judgment, and Covenant Not to Execute Judgment entered into by Old Republic and PBG on the one hand, and Mountain Movers on the other (the "Settlement Agreement"). Travelers did not negotiate, draft, review, approve or consent to the Settlement Agreement, and specifically objected to Mountain Movers' entry into any settlement that included a stipulated judgment since it would violate Travelers right to control settlement under *Safeco Ins. Co. v. Superior Court* (1999) 71 Cal.App.4th 782. Travelers also warned Mountain Movers that its entry into the Settlement Agreement and Stipulated Judgment would void coverage for the judgment under *Hamilton v. Maryland Casualty Company* (2002) 27 Cal.4th 718.

18. Travelers continued to defend Mountain Movers, subject to the Reservation of Rights, through the resolution of all claims against Mountain Movers as a result of Mountain Movers' entry into the unauthorized Settlement Agreement. The parties to the Settlement Agreement agreed to the entry of a Stipulated Judgment in favor of PBG and Old Republic and against Mountain Movers in the amount of $372,000.00. The Settlement Agreement also purports to assign to Old Republic all

4

rights that Mountain Movers may have against Travelers relating to the sewage spill and the Underlying Action, including the right to indemnity under the Travelers Policy for the stipulated judgment identified in the Settlement Agreement.

19. A dispute has arisen between Mountain Movers and Travelers as to whether Travelers owed a duty to defend Mountain Movers in connection with the Underlying Action, whether Travelers satisfied any duty to defend the Underlying Action, and whether Travelers is entitled to reimbursement of defense fees and expenses incurred to defend claims that never raised the potential for coverage under the Travelers Policy.

20. A dispute has arisen between Travelers on the one hand, and Mountain Movers, Old Republic and PBG on the other hand, whether Mountain Movers' entry into the Settlement Agreement without Travelers consent voids coverage under the Travelers Policy for the stipulated judgment identified in the Settlement Agreement.

## FIRST CAUSE OF ACTION
## (DECLARATORY JUDGMENT – NO DUTY TO DEFEND UNDERLYING ACTION)
### (Against Defendant Mountain Movers and DOES 1-50)

21. Travelers refers to and incorporates by reference Paragraphs 1 through 20, inclusive as though fully set forth herein.

22. There is an actual and justiciable controversy presented for determination by this Court.

23. Mountain Movers contends that Travelers had a duty to defend Mountain Movers in connection with the Underlying Action and that, pursuant to such duty, Travelers owes further payment to Mountain Movers for unpaid and/or un-reimbursed out-of-pocket litigation-related fees and expenses Mountain Movers has incurred in connection with the Underlying Action.

24. Travelers disputes that it had a duty to defend Mountain Movers for the Underlying Action and contends that Travelers is entitled to recoupment of all defense

1  fees and expenses paid on behalf of Mountain Movers for claims that never raised the
2  potential for coverage under the Travelers Policy.
3     25.   Travelers desires a judicial determination as to the respective rights and
4  duties of Travelers and Mountain Movers under the Travelers Policy in connection
5  with the defense of the Underlying Action. In particular, Travelers seeks a declaration
6  that Travelers had no duty to defend Mountain Movers in connection with the
7  Underlying Action.
8     26.   Such a declaration is necessary and appropriate at this time for Travelers
9  to ascertain its rights and duties with respect to demands by Mountain Movers that
10 Travelers reimburse Mountain Movers for further expenses purportedly incurred in
11 connection with the defense of Mountain Movers in the Underlying Action.

## SECOND CAUSE OF ACTION
## (DECLARATORY JUDGMENT – SATISFACTION OF DUTY TO DEFEND UNDERLYING ACTION)
### (Against Defendant Mountain Movers and DOES 1-50)

16    27.   Travelers refers to and incorporates by reference Paragraphs 1 through
17 26, inclusive as though fully set forth herein.
18    28.   This Second Cause of Action is plead in the alternative to the First Cause
19 of Action.
20    29.   There is an actual and justiciable controversy presented for
21 determination by this Court.
22    30.   Travelers disputes that it had a duty to defend the Underlying Action, but
23 if such a duty did exist, then Travelers contends that it satisfied any such duty through
24 payment of the reasonable, necessary and substantiated attorneys' fees and expenses
25 submitted by Hout to Travelers from the date of tender through Mountain Movers'
26 settlement of the Underlying Action.
27    31.   A judicial determination is necessary and proper at this time regarding
28 Travelers satisfaction of any duty to defend Mountain Movers in connection with the

6

Underlying Action such that all reasonable and necessary defense fees and expenses were fully paid.

32. Therefore, Travelers seeks a declaration and order from this Court that, to the extent that Travelers had a duty to defend Mountain Movers in connection with the Underlying Action, Travelers satisfied that duty through prior payments of reasonable, necessary and substantiated attorneys' fees and expenses submitted by Hout to Travelers from the date of tender through Mountain Movers' settlement of the Underlying Action.

33. Such declaration is necessary and appropriate at this time for Travelers to ascertain the rights and duties with respect to any obligation to pay additional defense expenses and/or to seek reimbursement for expenses previously paid subject to the Reservation of Rights.

## THIRD CAUSE OF ACTION
## (DECLARATORY JUDGMENT – COVERAGE VOIDED BY UNAUTHORIZED SETTLEMENT AGREEMENT)
**(Against Defendants Mountain Movers, Old Republic, PBG and DOES 1-50)**

34. Travelers refers to and incorporates by reference Paragraphs 1 through 33, inclusive as though fully set forth herein.

35. There is an actual and justiciable controversy presented for determination by this Court.

36. Travelers contends that Mountain Movers' settlement of the Underlying Action, including its agreement to enter into the Settlement Agreement and Stipulated Judgment without the consent of Travelers and over Travelers' objections, breached Mountain Movers' obligations under the Travelers Policy, relieving Travelers from any duty to defend Mountain Movers in the Underlying Action and/or any duty to indemnify Mountain Movers, Old Republic and/or PBG for the amounts identified in the Settlement Agreement and Stipulated Judgment. Travelers therefore contends that it owes no further duties under the Travelers Policy, including any duty to defend

Mountain Movers in the Underlying Action and/or any duty to indemnify Mountain Movers, Old Republic and/or PBG with respect to the Stipulated Judgment and/or the Settlement Agreement.

37. A judicial determination is necessary and proper at this time regarding whether Mountain Movers' settlement of the Underlying Action, including its agreement to enter into the Settlement Agreement and Stipulated Judgment without the consent of Travelers and over Travelers' objections, voided coverage under the Travelers Policy such that Travelers owes no further duties under the Travelers Policy, including any duty to defend Mountain Movers in the Underlying Action and/or any duty to indemnify Mountain Movers, Old Republic and/or PBG with respect to the Stipulated Judgment and/or the Settlement Agreement.

38. Therefore, Travelers seeks a declaration and order from this Court that Mountain Movers' settlement of the Underlying Action, including its agreement to enter into the Settlement Agreement and Stipulated Judgment without the consent of Travelers and over Travelers' objections, breached the Travelers Policy and voided coverage, relieving Travelers from any duty to defend Mountain Movers in the Underlying Action and/or any duty to indemnify Mountain Movers, Old Republic and/or PBG with respect to the Stipulated Judgment and/or the Settlement Agreement.

39. Such declaration is necessary and appropriate at this time for Travelers to ascertain the rights and duties with respect to any obligations owed under the Travelers Policy.

## FOURTH CAUSE OF ACTION
### (UNJUST ENRICHMENT – REIMBURSEMENT OF UNDERLYING DEFENSE FEES AND EXPENSES PAID BY TRAVELERS)
### (Against Mountain Movers and DOES 1-50)

40. Travelers refers to and incorporates by reference Paragraphs 1 through 39, inclusive as though fully set forth herein.

///

1  41. As alleged above, Travelers agreed to defend Mountain Movers in connection with the Underlying Action, subject to the Reservation of Rights. Pursuant to that agreement, Travelers paid the reasonable, necessary and substantiated attorneys' fees and expenses submitted by Hout to Travelers from the date of tender through Mountain Movers' settlement of the Underlying Action.

42. Travelers Reservation of Rights included the right to reimbursement of payments made by Travelers in connection with Mountain Movers' defense against non-covered claims. Travelers disputes that it had a duty to defend Mountain Movers for the Underlying Action and contends that Travelers is entitled to recoupment of all defense fees and expenses paid on behalf of Mountain Movers for claims that never raised the potential for coverage under the Travelers Policy.

43. As a result, Mountain Movers has unjustly received and retained monies and certain other benefits from Travelers to the detriment of Travelers.

44. Travelers is accordingly entitled to full restitution of all amounts in which Mountain Movers has been unjustly enriched at Travelers expense including, without limitation, all amounts paid by Travelers pursuant to the Reservation of Rights in connection with the defense of Mountain Movers in the Underlying Action for claims that never raised the potential for coverage.

**PRAYER FOR RELIEF**

Wherefore, Plaintiff Travelers Property Casualty Company of America asks for judgment and seeks the following relief from this Court against Defendants and each of them:

1. A judicial determination that Travelers had no duty to defend Mountain Movers in connection with the Underlying Action;

2. A judicial determination that, if Travelers had any duty to defend Mountain Movers in connection with the Underlying Action, Travelers satisfied that duty;

///

1      3.    A judicial determination that Mountain Movers breached the Travelers Policy and voided coverage by settling the Underlying Action, including its agreement to enter into the Settlement Agreement and Stipulated Judgment without the consent of Travelers and over Travelers' objections, relieving Travelers from any duty to defend Mountain Movers in the Underlying Action and/or any duty to indemnify Mountain Movers, Old Republic and/or PBG with respect to the Stipulated Judgment and/or the Settlement Agreement;

    4.    For reimbursement to Travelers of the costs incurred to defend Mountain Movers in the Underlying Action for claims that never raised the potential for coverage under the Travelers Policy;

    5.    For a judicial determination of any additional rights or obligations necessary to support the forgoing relief; and

    6.    For such other and further relief as the Court deems just and proper.

Dated: August 24, 2016    McCLOSKEY, WARING & WAISMAN LLP

By: /s/Andrew R. McCloskey
Andrew R. McCloskey
Attorneys for Plaintiff
TRAVELERS PROPERTY
CASUALTY COMPANY OF
AMERICA

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Travelers demands a trial by jury of all triable issues herein.

Dated: August 24, 2016    McCLOSKEY, WARING & WAISMAN LLP

By: /s/Andrew R. McCloskey
Andrew R. McCloskey
Attorneys for Plaintiff
TRAVELERS PROPERTY
CASUALTY COMPANY OF
AMERICA