# EXHIBIT B

# EXHIBIT B



Susan Yeckley
Associate Account Executive
Special Liability Group, Denver
6060 South Willow Drive
Greenwood Village, CO 80111
720-963-7283
720-963-7310 (fax)
syeckley@travelers.com

May 28, 2014

Gregory J. Hout
Law Offices of Gregory J. Hout
12396 World Trade Dr, Suite 206
San Diego, CA 92128

Re:   Our Insured:   Mountain Movers Engineering Contractors, Inc.
      File:          CLR2669
      Lawsuit:       *Pacific Builders Group et al v. Travelers Property Casualty Company of America, et al.* Superior Court of the State of California County of San Diego – North County Division, Case No.: 37-2013-00072459-CU-BC-NC ("Lawsuit")

Dear Mr. Hout,

I have reviewed the allegations contained in the Lawsuit and policy of insurance numbered DTE-CO-9323B576, issued by Travelers Property Casualty Company of America ("Travelers") to Mountain Movers Engineering Contractors, Inc. ("Mountain Movers") for the period November 9, 2011 to November 9, 2012 (the "Policy"). Based upon this review, Travelers will agree to participate in the defense of the Lawsuit, subject to a complete reservation of rights. Please note that I have determined that the Policy does not afford coverage for certain aspects of this loss described in greater detail below.

The Plaintiffs allege Mountain Movers damaged a plumbing pipe on September 8, 2012 during the course of performing work at the property located at 6161 El Camino Real, Carlsbad, CA 92009 ("Project"). As a result of the damaged plumbing pipe, based on information previously provided, we understand a release of waste and/or sewage occurred at the Project. The Plaintiffs expressly seek recovery under the following causes of action: *Breach of Contract; Contribution; Express Indemnity; Express Warranties; Breach of Implied Warranties; Negligence; and Declaratory Relief.*

The Policy contains the following Insuring Agreement:

### SECTION I—COVERAGES

### COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY

TRAV00114
Exhibit B

Mountain Movers
Page 2 of 7

1. Insuring Agreement

   a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply....

The Policy contains the following definitions:

"Property damage" means:

a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or

   b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it....

"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

Under the Coverage A. Insuring Agreement and subject to all terms and conditions, the Policy applies to sums the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" caused by an "occurrence" as those terms are defined in the Policy. Coverage does not apply to Plaintiffs' claims under the following causes of action: Breach of Contract; Contribution; Express Indemnity; Express Warranties; Breach of Implied Warranties; and Declaratory Relief. These claims, as pled, do not constitute claims for damages because of "bodily injury" or "property damage" caused by an "occurrence" as those terms are defined in the Policy.

Furthermore, the Policy contains endorsement CG D1 73 11 03, **AMENDMENT— POLLUTION EXCLUSION—INCLUDING LIMITED COVERAGE FOR POLLUTION COSTS—CONTRACTORS**, which states in pertinent part:

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**REVISED EXCLUSION F.**

(2) (This insurance also does not apply to)

Mountain Movers
Page 3 of 7

"Pollution costs".

* * *

"Pollution costs" means any cost or expense arising out of:

a. Any request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, cleanup, remove, contain, treat, detoxify or neutralize, or in any way respond to or assess the effects of "pollutants; . . .

"Pollutants" mean any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed."

Please note coverage for "pollution costs" is specifically excluded from Coverage A.

The CG D1 73 11 03 endorsement continues:

## II. COVERAGE D. LIMITED COVERAGE FOR POLLUTION COSTS

1. **Insuring Agreement**

   a. We will pay those sums that the insured is legally obligated to pay as "limited covered pollution costs" to which this insurance applies. We will have the right and duty to defend any "suit" seeking "limited coverage pollution costs". We may at our discretion investigate any "occurrence" and settled any claim or "suit" that may result.

   * * *

   b. This insurance applies to "limited covered pollution costs" only if:

      (1) The "limited covered pollution costs" result from an "occurrence" that takes place in the "coverage territory"; and

      (2) The same "occurrence" which results in "limited covered pollution costs" also causes "bodily injury" or "property damage" to which Coverage A applies.

2. **Exclusions**

   This insurance does not apply to:

Mountain Movers
Page 4 of 7

    a.    "Limited covered pollution costs" incurred by any person or organization other than the Named Insured shown in the Declarations.

    b.    "Limited covered pollution costs" which the insured is obligated to pay by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability that the insured would have to pay "limited covered pollution costs" in the absence of the contract or agreement.

    c.    "Limited covered pollution costs" if the "bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" is not covered under Coverage A.

"Limited covered pollution costs" means any cost or expense arising out of:

    a.  Any request, demand or order that the insured test for, monitor, cleanup, remove, contain, treat, detoxify or neutralize, or assess the effects of "pollutants"; . . .

Please note the Policy contains certain requirements regarding "limited covered pollution costs". Specifically, we draw your attention to the definition of "limited covered pollution costs" and exclusion D.2.a. found above. The Lawsuit alleges "PBG was forced to incur expenses to investigate, repair, and defend against the Underlying Claim of at least $141,880.61." To the extent Mountain Movers, the Named Insured, did not receive a "request, demand or order" to respond to "pollutants", PBG's alleged damages do not include "limited covered pollution costs". Even if PBG did incur "limited covered pollution costs", which Travelers does not concede, those costs were not incurred by Mountain Movers, and therefore, under D.2.a. quoted above, coverage will not apply. In addition, to the extent Plaintiffs seek "limited covered pollution costs" by reason of indemnity provisions in the contract with Mountain Movers, coverage is excluded by D.2.b. quoted above.

Notwithstanding the above, Travelers agrees to participate in the defense of Mountain Movers in the Lawsuit under the Policy, subject to the above and to the reservation of rights set forth in this letter. The limited defense in which Travelers is offering to participate is with the understanding that Travelers will be responsible only for its appropriate share of reasonable and necessary defense-related work performed at our request or with our approval. Travelers reserves the right to withdraw its participation in Mountain Movers defense of the Lawsuit and to seek recoupment of any defense costs or other sums paid to or on behalf of Mountain Movers, should it be determined that no potential indemnity obligation exists in this matter. Travelers also reserves the right to seek recoupment of any defense costs allocable to non-covered allegations.

Mountain Movers
Page 5 of 7

The defense in which Travelers is offering to participate should not be deemed or construed as a waiver of any rights or conditions under the Policy or as an expansion of the duties owed under the Policy. Without limiting the foregoing, this defense is also subject to the following specific reservations:

1. Should our investigation determine that the facts do not constitute a claim for "property damage" caused by an "occurrence", as those terms are defined in the Policy, no coverage will be provided.

2. No coverage is provided for any "property damage" which was either expected or intended from the standpoint of the insured.

   Section 533 of the California Insurance Code provides that "an insurer is not liable for a loss caused by the willful act of the insured." Similarly, Section 1668 of the California Civil Code renders invalid any contracts which call for the indemnification of a party for fraud, willful conduct or violations of law.

3. In accordance with Policy provisions and/or applicable case law, coverage may not apply to any punitive damages, fines or penalties alleged or awarded in the captioned lawsuit.

4. Coverage will not be provided for any loss, cost, or expense alleged to have been or to be incurred in connection with any claim for equitable relief.

5. Coverage will not apply to any "property damage" to work performed by or on behalf of the insured, arising out of the work or any portion thereof or out of materials, parts or equipment furnished in connection therewith.

6. Coverage will not apply to "property damage" caused by "fungi" or bacteria.

7. Coverage will not apply to any liability arising out of the acts or omissions of any individual or organization other than those individuals or organizations described in the Policy as "Named Insured," or "Additional Insured," or "Persons Insured."

8. Any payments that might be made by us in this case are subject to the applicable limit of liability and $10,000 deductible as contained in the Policy.

9. Should any applicable limit of liability be exhausted, Travelers defense obligation in this matter will simultaneously terminate.

In the event that any matters reserved and set forth in this letter are rejected by any court of appropriate jurisdiction (which shall be deemed to include a final order on appeal), Travelers will provide coverage only in accordance with the theory of coverage adopted by such court and will

Mountain Movers
Page 6 of 7

seek and demand reimbursement of payments made by it based upon the reservations set forth in this letter.

Should Travelers assert and prevail on any of the reservations set forth herein, it does not waive its rights, if any, to seek and demand reimbursement for any indemnity or other payments paid to or on Mountain Mover's behalf of or in connection with the Lawsuit, and will seek and demand reimbursement of any costs of defense as reserved above.

I have also reviewed the Commercial Excess Liability (Umbrella) Insurance policy DTSM-CUP-9323B576 issued by Travelers to Mountain Movers for the period November 9, 2011 to November 9, 2012. The Umbrella policy would not potentially respond to the Lawsuit until the underlying limits of liability have been properly exhausted, or unless the Umbrella policy provides coverage when the Policy does not. Please note that it appears that the Umbrella policy would not provide coverage for the claims asserted in the Lawsuit as it contains a pollution exclusion:

> This insurance does not apply to:
>
> f.
>
> (1) "Bodily injury" or "property damage" arising out of the actual, alleged or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants":
>
>         \*    \*    \*
>
> (b) At or from any premises, site or location which is or was at any time used by or for any insured or others for the handling, storage, disposal, processing or treatment of waste;
>
>         \*    \*    \*
>
> (2) Any loss, cost or expense arising out of any:
>
> (a) Request, demand, order or statutory or regulatory requirement that any insured or others test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, "pollutants"; or

We continue to reserve all rights and defenses to coverage which might arise under the Umbrella policy.

If you think coverage for any aspect of this claim has been wrongfully denied or if you disagree with our assessment of this matter as set forth herein, Mountain Movers may have this issue reviewed by the California Department of Insurance. The department's address is:

Mountain Movers
Page 7 of 7

        California Department of Insurance
        Consumer Services Division
        300 South Spring St., 11th Fl.
        Los Angeles, CA 90013
        1(800)927-HELP or (213) 897-8921

Please note that the (800) number is a WATS line number which only works from within California. If you are calling from outside of California, the appropriate number is (213) 897-8921.

This correspondence is neither intended to be, nor shall it be construed as an exhaustive listing of policy terms, conditions or exclusions which might preclude coverage for the Claim under the Policy and/or Umbrella Policy. We reserve the right to supplement this partial declination of coverage, should facts and circumstances indicate the applicability of additional grounds to deny coverage for this matter.

If you have any questions or would care to discuss this matter further, please do not hesitate to contact me at (720) 963-7283.

Sincerely,

Susan Yeckley
Associate Account Executive

TRAV00120
Exhibit B