# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation,<br><br>    Plaintiff,<br><br>v.<br><br>MOUNTAIN MOVERS ENGINEERING COMPANY, INC., a California corporation; et al.,<br><br>    Defendants. | Case No.: 3:16-cv-02127-H-WVG<br><br>**ORDER GRANTING IN PART, DENYING IN PART, DEFENDANTS' MOTION FOR LEAVE TO FILE COUNTERCLAIMS**<br><br>[Doc. No. 41] |

On April 3, 2017, Defendants Old Republic General Insurance Corporation ("ORGENCO") and Pacific Building Group ("PBG") (collectively, "Defendants"), filed a motion for leave to file counterclaims. (Doc. No. 41.) Defendants seek to assert claims against Travelers Property Casualty Company of America ("Plaintiff"), including both direct causes of action as judgment creditors and claims assigned to ORGENCO by Defendant Mountain Movers ("Mountain"). (Id.) On April 24, 2017, Plaintiff opposed Defendants' motion. (Doc. No. 43.) Defendants filed a reply on April 26, 2017. (Doc. No. 44.)

///

///

1

# BACKGROUND

The following facts are taken from the allegations in Defendants' proposed counterclaims. (Doc. No. 41-1.) Defendant PBG was the general contractor hired to complete an improvement of real property located in Carlsbad, California (the "Carlsbad Property"). (Id. at ¶ 11.) PBG subsequently contracted Mountain to perform work in connection with the improvement. (Id. at ¶ 13.) As part of the agreement between PBG and Mountain, Mountain agreed to indemnify PBG for any claims arising from Mountain's performance. (Id. at ¶ 14.) Mountain also agreed to reimburse PBG for any loss, including extra expenses and attorneys' fees, related to Mountain's failure to perform. (Id. at ¶ 15.) As part of its contractual obligations, Mountain obtained a commercial general liability insurance policy, No. DTE-CO-9323B76 (the "Traveler's Policy"), from Plaintiff. (Id. at ¶ 16.)

On September 8, 2012, while working at the Carlsbad Property, Mountain damaged a sewer cleanout, causing a sewer backup and flooding an adjacent building. (Id. at ¶¶ 17-18.) Plaintiff was notified promptly of the damage but did not participate in, or fund, the repairs. (Id. at ¶ 20.) The total cost of the damage was $141,880.61, of which ORGENCO paid $131,880.61 (representing the cost minus a $10,000 deductible). (Id. at 22.) Mountain agreed to reimburse PBG for the $10,000 deductible. (Id. at ¶ 23.)

On October 8, 2012, Plaintiff informed Mountain that the Traveler's Policy did not cover the September 8, 2012 damage because the policy included a Pollution Exclusion, as well as a Bacteria/Fungi Exclusion. (Id. at ¶ 24.) On October 19, 2012, Defendants submitted a claim to Plaintiff for the costs they incurred and were told that Plaintiff was in the process of investigating the claim. (Id. at ¶¶ 25-26.) On December 11, 2012, Plaintiff informed Defendants the Pollution Exclusion precluded coverage under the Traveler's Policy because the accident involved sewage. (Id. at ¶ 27.)

Following the denial of coverage, Defendants filed suit in state court, seeking indemnification and reimbursement from Plaintiff and Mountain. (Id. at 28.) Mountain retained The Law Offices of Gregory Hout to defend it and, although Plaintiff agreed to

pay for Mountain's defense, Plaintiff's payments were late and sporadic. (Id. at ¶ 31.) Throughout the course of the litigation, Plaintiff repeatedly claimed that the September 8, 2012 incident was excluded from coverage and refused Defendants' settlement offers. (Id. at ¶¶ 36-41.)

On May 31, 2016, Defendants offered to settle with Mountain for a stipulated judgment of $372,000 against Mountain in exchange for a covenant not to execute the judgment against Mountain. (Id. at ¶ 46.) Mountain reviewed the settlement offer and forwarded it to Plaintiff. (Id. at ¶ 48.) Plaintiff refused to fund the settlement offer and threatened to sue Mountain if it settled with Defendants. (Id. at ¶ 49.) On August 2, 2016, Mountain entered into the Settlement Agreement with Defendants. (Id. at 34-44.) As part of the Agreement, Mountain also assigned all of its claims against Plaintiff to ORGENCO. (Id. at ¶ 52.)

On August 24, 2016, Plaintiff filed a complaint in federal court against Defendants alleging causes of action for (1) declaratory judgment that there was no duty to defend the underlying state court action, (2) declaratory judgment that there has been satisfaction of the duty to defend in the underlying action, (3) declaratory judgment that coverage was voided by an unauthorized settlement agreement; and (4) unjust enrichment. (Doc. No. 1 ¶¶ 21-44.)

By the present motion, Defendants move pursuant to Federal Rule of Civil Procedure 15 for leave to file counterclaims against Plaintiff. Defendants' proposed counterclaims allege eleven causes of action, including (1) a judgment creditor action pursuant to California Insurance Code Section 11580, (2) an action for breach of contract, (3) multiple actions for breach of the implied covenant of good faith and fair dealing, (4) a declaratory judgment action seeking to disqualify Plaintiff's counsel, and (5) an action for punitive damages.

///
///
///

# DISCUSSION

## I. LEGAL STANDARDS FOR A MOTION TO AMEND PLEADINGS

Federal Rule of Civil Procedure 15(a) allows a party leave to amend its pleading once as a matter of right within twenty-one days after service of a responsive pleading. Fed. R. Civ. P. 15(a). Thereafter, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Id. In the Ninth Circuit, this policy is "applied with extreme liberality." Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001) (quoting Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)).

"The court considers five factors in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." United States v. Corinthian Colleges, 655 F.3d 984, 995 (9th Cir. 2011) (citing Johnson v. Buckley, 356 F.3d 1067, 1077 (9th Cir. 2004)); accord In re W. States Wholesale Natural Gas Antitrust Litig., 715 F.3d 716, 738 (9th Cir. 2013). The five factors do not share "equal weight" and "it is the consideration of prejudice to the opposing party that carries the greatest weight." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining [] factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Id. The decision whether to grant leave to amend "is entrusted to the sound discretion of the trial court." Pisciotta v. Teledyne Indus., 91 F.3d 1326, 1331 (9th Cir. 1996).

## II. ANALYSIS

**A. Prior Amendments, Undue Delay, Prejudice, and Bad Faith**

The present motion is the first time Defendants have sought to introduce counterclaims or amend their pleadings. (Doc. No. 41.) As such there are no prior amendments for the Court to weigh in deciding whether to grant leave to amend.

Defendants did not unduly delay in filing their counterclaims. The Scheduling Order, entered on March 3, 2017, required the parties to bring any motions to amend the pleadings on or before April 3, 2017. (Doc. No. 40.) The present motion was filed on April 3, 2017 and, thus, complies with the Court's scheduling order.

Plaintiff has not alleged any prejudice they would suffer if the Court granted Defendants' motion. (See generally Doc. No. 43.) The case is still at a relatively early stage and discovery remains open. (See Doc. No. 40 ¶ 6.) As such, there is time for Plaintiff to prepare to respond to Defendants' counterclaims. See e.g., Coleman v. Quaker Oats Co., 232 F.3d 1271, 1292 (9th Cir. 2000) (finding prejudice where plaintiff attempted to add a new theory at the summary judgment stage); City of Los Angeles v. San Pedro Boat Works, 635 F.3d 440, 454 (9th Cir. 2011) (affirming a finding of undue prejudice where plaintiff sought to amend complaint after five out of 6 key witnesses had been deposed).

The bad faith element looks at whether litigants' amendments are driven by an improper motive, for example, "seeking to prolong the litigation by adding new but baseless legal theories." Griggs v. Pace American Group, Inc., 170 F.3d 877, 881 (9th Cir. 1999). Plaintiff broadly alleges that Defendants are bringing their counterclaims for improper purposes but provides no specific details or factual support. (Doc. No. 43 at 6.) As such, the Court does not find Defendants counterclaims have been brought in bad faith.

**B. Futility of Amendment**

In opposing Defendants' motion for leave to file counterclaims, Plaintiff relies primarily on the futility of amendment factor. Specifically, Plaintiff argues that Defendants' proposed counterclaims would be futile because the stipulated judgment between Mountain and Defendants is unenforceable, Defendants have no viable assigned claims from Mountain, and Defendants have no standing to pursue the declaratory relief they seek. (Doc. No. 43 at 5-6.) In response, Defendants argue that Plaintiff's opposition is inconsistent with previous legal positions, Mountain properly assigned its claims to

5
3:16-cv-02127-H-WVG

Defendants, and Defendants have standing to seek their proposed declaratory relief. (Doc. No. 44 at 3-8.)

### 1. Legal Standards for Futility

The Court may reject a motion for leave to amend if the proposed amendment would be futile. Carrico v. City & Cty. Of San Francisco, 656 F.3d 1002, 1008 (9th Cir. 2011). A proposed amendment is futile where it would be subject to dismissal if allowed. Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir. 1998); see also Jones v. Community Redevelopment Agency of City of Los Angeles, 733 F.2d 646, 650 (9th Cir. 1984) (denying leave to amend complaint where "proposed complaint would still fail to state a section 1983 claim"). "In assessing futility, the district court must apply the standard which applies to motions to dismiss under Fed. R. Civ. P. 12(b)(6)." F.D.I.C. v. Twin Development, LLC, 2012 WL 1831639, *6 (S.D. Cal. May 18, 2012) (quoting Adorno v. Crowley Towing & Transp. Co.., 443 F.3d 122, 126 (1st Cir. 2006)).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint if the plaintiff has failed to state a claim upon which relief can be granted. See Conservation Force v. Salazar, 646 F.3d 1240, 1241 (9th Cir. 2011). A complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557). Accordingly, dismissal for failure to state a claim is proper where the claim "lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008).

In determining whether a plaintiff has adequately stated a claim for relief, a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the plaintiff. See Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 945 (9th Cir. 2014); In re Bill of Lading Transmission & Processing Sys. Patent Litig., 681 F.3d 1323, 1331 (Fed. Cir. 2012). But, a court need not accept "legal conclusions" as true. Iqbal, 556 U.S. at 678. Further, it is improper for a court to assume the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

### 2. California Insurance Code § 11580 Claim

California Insurance Code Section 11580 requires that insurance policies issued or delivered in California include a provision that "whenever judgment is secured against the insured in an action based on bodily injury, death, or property damage, the judgment creditor may sue the insurer on the policy, subject to its terms and limitations, to recover on the judgment." Wright v. Fireman's Fund Ins. Companies, 11 Cal.App.4th 998, 1015 (1992). To establish a claim under § 11580, a third party claimant must prove:

> 1) it obtained a judgment for bodily injury, death, or property damage, 2) the judgment was against a person insured under a policy that insures against loss or damage resulting from liability for personal injury or insures against loss of or damage to property caused by a vehicle or draught animal, 3) the liability insurance policy was issued by the defendant insurer, 4) the policy covers the relief awarded in the judgment, 5) the policy either contains a clause that authorizes the claimant to bring an action directly against the insurer or the policy was issued or delivered in California and insures against loss or damage resulting from liability for personal injury or insures against loss of or damage to property caused by a vehicle or draught animal.

Id. The only element at issue here is the first one. Plaintiff claims the stipulated judgment between Mountain and Defendants is void and cannot bind Plaintiff.

As a general rule, "a stipulated judgment between the insured and the injured claimant, without the consent of the insurer, is ineffective to impose liability upon the insurer." Safeco Ins. Co. v. Superior Court, 71 Cal.App.4th 782, 787 (1999). However, as an exception to this rule, stipulated judgments may bind the insurer if the insurer "wrongfully refuses to defend" or unreasonably refuses to settle. Id. at 788; accord Wright v. Fireman's Fund Ins. Companies, 11 Cal.App.4th 998 (1992) (collecting cases). Defendants' allege that Plaintiff failed to promptly pay Mountain's defense counsel and, at the time of settlement, Mountain had no assurances that Plaintiff would continue paying defense counsel. (Doc. No. 41-1 ¶ 45.) Furthermore, Defendants allege that Plaintiff refused to consider their settlement offers and maintained a "zero offer" settlement position throughout the course of litigation. (Id. at ¶¶ 42-44.) Accepting these facts as true, and drawing all reasonable inferences in Defendants' favor, Defendants have adequately alleged that Plaintiff wrongfully refused to defend Mountain or unreasonably refused to settle. Iqbal, 556 U.S. at 678. As such, questions of fact remain as to whether the stipulated judgment is binding on Plaintiff.

Plaintiff also argues the stipulated judgment is unenforceable because the total judgment amount, $372,000, includes costs and attorneys' fees which should have been fixed by the court, but were not. Plaintiff argues that under California Civil Code § 1717, "[t]he reasonable attorney's fees shall be fixed by the court, and shall be an element of the costs of suit." (Doc. No. 43 at 10.) Plaintiff, however, cites no cases holding that a stipulated judgment is unenforceable because the parties' included attorney's fees in their settlement amount. Indeed, California Code of Civil Procedure § 1033.5(c)(5) provides precisely for such a situation: "[a]ttorney's fees allowable as costs . . . shall be fixed either upon a noticed motion or upon entry of a default judgment, unless otherwise provided by stipulation of the parties." Cal. Civ. C. Proc. §1033.5(c)(5). The fact that these additional costs increased the amount of the stipulated judgment does not, without

more, render it void. In their counterclaims, Defendants seek "all *or part of*" the stipulated judgment and Plaintiff may contest the actual amount of insured's damages. See Wright v. Fireman's Fund Ins. Companies, 11 Cal.App.4th 998, 1018 (1992) ("in a later suit against the insurer the reasonable settlement may be used as presumptive evidence of the insured's liability on the underlying claim and the amount of such liability"). As such, Plaintiff has failed to prove futility.

Because Defendants have plead facts sufficient to make out a case under § 11580, the Court finds that amending the pleadings to allow their first cause of action would not be futile and grants their motion as to that cause of action.

### 3. Mountain's Assigned Causes of Action

The remaining causes of action are brought by ORGENCO as an assignee of Mountain's rights, which were assigned to ORGENCO as part of the stipulated judgment. (Doc. No. 41-1 ¶ 61.) These rights include "all rights [Mountain] may have against [Plaintiff] . . . including but not limited to the right to indemnity under the Travelers' insurance policies and the right to pursue a cause of action for breach of the implied covenant of good faith and fair dealings." (Doc. No. 41-1 at 40.) In return for the assignment, as well as the stipulation to judgment, Defendants agreed not to execute the judgment against Mountain. (Id.) Plaintiff argues that none of Mountain's assigned causes of action are enforceable because Mountain has suffered no damages in light of the covenant not to execute.

"California, as set forth both in case law and by statute, maintains a policy encouraging the free transferability of all types of property." Essex Ins. Co. v. Five Star Dye House, Inc., 38 Cal.4th 1252, 1259 (2006) ("We start from the proposition that assignability is the rule.") Accordingly, "[a]ctions for bad faith against an insurer have generally been held to be assignable, including claims for breach of the duty to defend." Id. at 1263 (citations omitted). Plaintiff argues this general rule of assignability does not apply when the stipulated judgment includes a covenant not to execute. (Doc. No. 43 at 12-13.) But as the Court explained in the previous section, where an insurer fails to

9

3:16-cv-02127-H-WVG

defend an insured, or unreasonably refuses to settle, Courts will enforce settlements not approved by the insurer regardless of whether they contain covenants not to enforce. Safeco Ins. Co. v. Superior Court, 71 Cal.App.4th at 787, 789 ("The insured's remedy to protect himself from an excess judgment is to assign to the claimant his cause of action for bad faith refusal to settle in exchange for a covenant not to enforce the judgment against the insured's personal assets.") This analysis is not affected by the inclusion of non-recoverable fess in the stipulated judgment. "Although some damages potentially recoverable in a bad faith action, including damages for emotional distress and punitive damages, are not assignable, the cause of action itself remains freely assignable." Essex Ins. Co., 38 Cal.4th at 1263.

As Defendants have adequately alleged that Mountain was entitled to assign its claims against Plaintiff, ORGENCO's counterclaims are not futile, and the Court grants leave to file the second through the ninth causes of action.

### 4. Declaratory Relief Claim

Defendants' tenth cause of action seeks declaratory relief disqualifying Plaintiff's counsel from working on any matter to which Mountain is a litigant or has an interest in, as well as equitably estopping Plaintiff from contesting the economic damages in the underlying state court action. (Doc. No. 41-1 at 27.) Plaintiff opposes this counterclaim on the grounds that Defendants lack standing to disqualify Plaintiff's counsel or, alternatively, the issue should be raised through a motion to disqualify. (Doc. No. 43 at 14-16.)

The Declaratory Judgment Act grants courts the power to "declare the rights and other legal relations of any interested party." 28 U.S.C. § 2201. This power is discretionary and courts consider various prudential factors in deciding whether to exercise it. American States Ins. Co. v. Kearns, 15 F.3d 142, 144 (9th Cir. 1994) ("The statute gives discretion to courts in deciding whether to entertain declaratory judgments."). These prudential factors include "concerns of judicial administration, comity, and fairness to the litigants." Id. (quoting Chamberlain v. Allstate Ins. Co., 931

F.2d 1361, 1367 (9th Cir. 1991)). None of these factors weigh in favor of allowing Defendants to proceed with their declaratory judgment cause of action.

Courts "properly may refuse declaratory relief if the alternative remedy is better or more effective." Federal Practice & Procedure § 2758 (collecting cases); accord Gov't Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1223 n.5 (9th Cir. 1998) (en banc) (courts can consider "the availability and relative convenience of other remedies"). Here, Defendants have a superior remedy available: a motion to disqualify. Such a motion is regularly employed to disqualify attorneys. E.g., Ultimate Fitness Center, LLC v. Wilson, 2016 WL 6834001, *6 (S.D. Cal. Nov. 21, 2016) (considering a motion to disqualify counsel who might be called as a witness); United States v. Hall Family Trust Dated June 8, 2001, 2017 WL 1135593, *4 (S.D. Cal. March 27, 2017) ("if [the party] had any reason to believe he was not proper counsel, they should have raised the issue in a motion to disqualify"). Furthermore, a motion to disqualify squarely frames the issue for the Court and provides a timely resolution of an issue that affects the ongoing litigation. In contrast, an action seeking a declaratory judgment that an attorney should be disqualified likely will not be resolved until the case itself is resolved; at which point there is little point to disqualifying counsel.

In addition to being an inferior remedy, Defendants' proposed declaratory relief raises concerns of comity. In addition to seeking to disqualify Plaintiff's counsel in the federal court action, Defendants seek to disqualify counsel in the underlying state court action and equitably estop Plaintiff from contesting the economic damages in that case. (Doc. No. 41-1 ¶ 119-20.) Generally, federal courts disfavor interfering with state court proceedings. See Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 716-17 (1996) (reviewing cases holding federal courts should refrain from hearing because they would interfere with pending state proceedings); Gov't Employees Ins. Co., 133 F.3d at 1223 n.5 (courts should consider "whether the use of a declaratory action will result in entanglement between the federal and state court systems"). This general principle is "out of deference to the paramount interests of another sovereign, and the concern is with

principles of comity and federalism. Quackenbush, 517 U.S. at 723. Defendants cite no authority showing that disqualifying counsel is an exception to the general rule and the Court can see no reason to deviate from the general principle of avoiding entanglement with state court proceedings.

Finally, Defendants have provided no reason to think it would be unfair to require they pursue their relief through a motion to disqualify, rather than a declaratory judgment. Indeed, if Defendants believe they are injured by Plaintiff's counsel's involvement in the matter, a motion to disqualify will be most likely to remedy the injury because it can be decided promptly, while the case is ongoing.

For the foregoing reasons, the Court finds that the various prudential factors weigh against allowing Defendants to pursue their declaratory judgment action. As such, the Court exercises its discretion and denies their motion to amend with regard to the proposed tenth cause of action. Wilton v. Seven Falls Co., 515 U.S. 277, 288 (1995).

### 5. Punitive Damages Claim

Defendants' last cause of action is styled as a cause of action for punitive damages. (Doc. No. 41-1 ¶¶122-27.) However, "[i]n California, it is settled there is no separate cause of action for punitive damages. Instead, a claim for punitive damages is merely an additional remedy that is dependent on a viable cause of action for an underlying tort." 569 East County Boulevard LLC v. Backcountry Against the Dump, Inc., 6 Cal.App.5th 426, 429 n.3 (2016). Accordingly, the Court exercises its discretion and denies Defendants' motion to amend with regard to the proposed eleventh cause of action. Defendants may seek any damages available by law under their other causes of action.

///
///
///
///
///
///
///

## CONCLUSION

For the foregoing reasons, the Court grants, in part, and denies, in part, Defendants' motion for leave to amend. (Doc. No. 41.) Defendants may file proposed counterclaims one through nine. The Court however, in its discretion, denies the motion with regards to counterclaims ten and eleven.

**IT IS SO ORDERED.**

DATED: May 3, 2017

_____
Hon. Marilyn L. Huff
United States District Judge