# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation,<br><br>Plaintiff,<br><br>v.<br><br>MOUNTAIN MOVERS ENGINEERING COMPANY, INC., a California corporation; et al.,<br><br>Defendants. | Case No.: 3:16-cv-02127-H-WVG<br><br>**ORDER:**<br><br>**(1) GRANTING, IN PART, AND DENYING, IN PART, PLAINTIFF'S MOTION TO DISMISS**<br><br>**(Doc. No. 50)**<br><br>**(2) DENYING PLAINTIFF'S MOTION TO STRIKE**<br><br>**(Doc. No. 51)** |

On April 3, 2017, Defendants Old Republic General Insurance Corporation ("ORGENCO") and Pacific Building Group ("PBG") (collectively, "Defendants"), filed a motion for leave to file counterclaims. (Doc. No. 41.) Plaintiff Travelers Property Casualty Company of America ("Plaintiff") opposed Defendants' motion, arguing the motion should be denied as futile. (Doc. No. 43.) On May 4, 2017, the Court granted Defendants' motion in part, allowing them to file nine of their counterclaims. (Doc. No. 46.)

On May 11, 2017, Defendants filed their counterclaims. (Doc. No. 47.) On May 25, 2017, Plaintiff filed a motion to dismiss two of Defendants' claims and their prayer for punitive damages. (Doc. No. 50.) On the same day, Plaintiff also moved to strike allegedly privileged material from Defendants' counterclaims. (Doc. No. 51.) Defendants filed their oppositions on June 1, 2017. (Doc. Nos. 53, 54.) Plaintiff filed a reply on June 16, 2017. (Doc. No. 57.)

## BACKGROUND

The following facts are taken from the allegations in Defendants' counterclaims. (Doc. No. 47.) Defendant PBG was the general contractor hired to complete an improvement of real property located in Carlsbad, California (the "Carlsbad Property"). (Id. ¶ 11.) PBG subsequently contracted Mountain Movers Engineering Company, Inc. ("Mountain") to perform work in connection with the improvement. (Id. ¶ 13.) As part of the agreement between PBG and Mountain, Mountain agreed to indemnify PBG for any claims arising from Mountain's performance. (Id. ¶ 14.) Mountain also agreed to reimburse PBG for any loss, including extra expenses and attorneys' fees, related to Mountain's failure to perform. (Id. ¶ 15.) As part of its contractual obligations, Mountain obtained a commercial general liability insurance policy, No. DTE-CO-9323B76 (the "Traveler's Policy"), from Plaintiff. (Id. ¶ 16.)

On September 8, 2012, while working at the Carlsbad Property, Mountain damaged a sewer cleanout, causing a sewer backup and flooding an adjacent building. (Id. ¶¶ 17-18.) Plaintiff was notified promptly of the damage but did not participate in, or fund, the repairs. (Id. ¶ 20.) The total cost of the damage was $141,880.61, of which ORGENCO paid $131,880.61 (representing the cost minus a $10,000 deductible). (Id. ¶ 22.) Mountain agreed to reimburse PBG for the $10,000 deductible. (Id. ¶ 23.)

On October 8, 2012, Plaintiff informed Mountain that the Traveler's Policy did not cover the September 8, 2012 damage because the policy included a Pollution Exclusion, as well as a Bacteria/Fungi Exclusion. (Id. ¶ 24.) On October 19, 2012, Defendants submitted a claim to Plaintiff for the costs they incurred and were told that Plaintiff was

in the process of investigating the claim.  (Id. ¶¶ 25-26.)  On December 11, 2012, Plaintiff informed Defendants the Pollution Exclusion precluded coverage under the Traveler's Policy because the accident involved sewage.  (Id. ¶ 27.)

Following the denial of coverage, Defendants filed suit in state court, seeking indemnification and reimbursement from Plaintiff and Mountain.  (Id. ¶ 28.)  Mountain retained The Law Offices of Gregory Hout to defend it and, although Plaintiff agreed to pay for Mountain's defense, Plaintiff's payments were late and sporadic.  (Id. ¶ 31.)  Throughout the course of the litigation, Plaintiff repeatedly claimed that the September 8, 2012 incident was excluded from coverage and refused Defendants' settlement offers.  (Id. ¶¶ 36-41.)

On May 31, 2016, Defendants offered to settle with Mountain for a stipulated judgment of $372,000 against Mountain in exchange for a covenant not to execute the judgment against Mountain.  (Id. ¶ 46.)  Mountain reviewed the settlement offer and forwarded it to Plaintiff.  (Id. ¶¶ 47-48.)  Plaintiff refused to fund the settlement offer and threatened to sue Mountain if it settled with Defendants.  (Id. ¶ 49.)  On August 2, 2016, Mountain entered into the Settlement Agreement with Defendants.  (Doc. No. 48-2 at 4-14.)  As part of the Agreement, Mountain also assigned all of its claims against Plaintiff to ORGENCO.  (Id. at 10.)

Defendants now seek to assert Mountain's assigned claims, as well as their own claim as judgment creditor, against Plaintiff.  Plaintiff moves to (1) dismiss certain claims and relief and (2) to strike confidential information in the counterclaims.

///

///

///

///

///

///

///

# DISCUSSION

## I. MOTION TO DISMISS

### A. LEGAL STANDARD

A motion to dismiss, pursuant to Federal Rule of Civil Procedure 12(b)(6), tests the legal sufficiency of the pleadings and allows a court to dismiss a complaint if the claimant has failed to state a claim upon which relief can be granted. Conservation Force v. Salazar, 646 F.3d 1240, 1241 (9th Cir. 2011). A complaint will survive a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The pleadings must go beyond "labels and conclusions" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. A "formulaic recitation of the elements" is not enough. Id.; accord Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

When reviewing a motion to dismiss, a district court must accept as true all facts alleged in the complaint, and draw all reasonable inferences in favor of the claimant. Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 945 (9th Cir. 2014). The court need not, however, accept "legal conclusions" as true. Iqbal, 556 U.S. at 678. Thus, pleadings unsupported by factual allegations are not entitled to a presumption of truth. Id. ("It is the conclusory nature of respondent's allegations . . . that disentitles them to the presumption of truth.").

### B. GOOD FAITH AND FAIR DEALING CLAIMS

"Implied in every contract is a covenant of good faith and fair dealing that neither party will injure the right of the other to receive the benefits of the agreement." PPG Indus., Inc. v. Transamerica Ins. Co., 20 Cal.4th 310, 314 (1999). "The precise nature and extent of the duty imposed by such an implied promise will depend on the

4

contractual purposes." Egan v. Mutual of Omaha Ins. Co., 24 Cal.3d 809, 818 (1979). California courts have interpreted the covenant of good faith and fair dealing to include both a duty to reasonably indemnify, e.g., Howard v. Am. Nat. Fire Ins. Co., 187 Cal.App.4th 498, 531 (2010) ("American also acted in bad faith in refusing to indemnify the Bishop after judgment was entered"), and a duty to reasonably settle claims, e.g., PPG Indus., Inc., 20 Cal.4th at 315 ("This covenant imposes a number of obligations upon insurance companies, including an obligation to accept a reasonable offer of settlement."). An insurer's breach of the implied covenant is actionable in tort and the insurance company is liable for all proximate damages. Id. at 315. Actions for bad faith are generally assignable. Essex Ins. Co. v. Five Start Dye House, Inc., 38 Cal.4th 1252, 1263 (2006) ("Actions for bad faith against an insurer have generally been held to be assignable.").

Plaintiff moves to dismiss Defendants' claims of (1) breach of implied covenant of good faith and fair dealing for failure to indemnify and (2) breach of implied covenant of good faith and fair dealing for failure to settle, arguing these claims fail as a matter of law. (Doc. No. 50-1 at 2.) Plaintiff is incorrect.

### 1. Failure to Indemnify Claim

"Liability insurance obligates the insurer to indemnify the insured against third party claims covered by the policy by settling the claim or paying any judgment against the insured." Howard, 187 Cal.App.4th at 512-13. Typically, "a stipulated judgment between the insured and the injured claimant, without the consent of the insurer, is ineffective to impose liability upon the insurer." Safeco Ins. Co. v. Superior Court, 71 Cal. App.4th 782, 787 (1999). However, a stipulated judgment may bind the insurer if the insurer "wrongfully refuse[d] to defend" or unreasonably refused to settle. Id. at 788; accord Wright v. Fireman's Fund Ins. Cos., 11 Cal.App.4th 998 (1992) (collecting cases). As such, an insurer's duty to indemnify may arise from a stipulated judgment and, thus, trigger their covenant of good faith and fair dealing. Howard, 187 Cal.App.4th at 531.

As the Court previously noted in its order granting leave to file the counterclaims, (Doc No. 46), Defendants' counterclaims allege sufficient facts to establish, at the pleadings stage, that Plaintiff may be liable for the stipulated judgment between Defendants and Mountain. As the Court explained:

> Defendants allege that Plaintiff failed to promptly pay Mountain's defense counsel and, at the time of the settlement, Mountain had no assurances that Plaintiff would continue paying defense counsel. (Doc. No. 41-1 ¶ 45.) Furthermore, Defendants allege that Plaintiff refused to consider their settlement offers and maintained a "zero offer" settlement position throughout the course of litigation. (Id. at ¶¶ 42-44.) Accepting these facts as true, and drawing all reasonable inferences in Defendants' favor, Defendants have adequately alleged that Plaintiff wrongfully refused to defend Mountain or unreasonably refused to settle. Iqbal, 556 U.S. at 678. As such, questions of fact remain as to whether the stipulated judgment is binding on Plaintiff.

(Doc. No. 46 at 7.)

Taking Defendants' alleged facts as true, and making all reasonable inferences in their favor, Plaintiff may be bound by the stipulated judgment between Defendants and Mountain. And if bound, Plaintiff would be obligated to indemnify Mountain, the insured, for the judgment against it. Howard, 187 Cal.App.4th at 512-13; see also Buss v. Superior Court, 16 Cal.4th 35, 45 (1997) ("The insurer's duty to indemnify runs to claims that are actually covered, in light of the facts proved."). Thus, Plaintiff may have violated its covenant of good faith and fair dealing if it unreasonably refused to indemnify Mountain. Howard, 187 Cal.App.4th at 498.

Plaintiff's argument that it had no duty to indemnify Mountain because the stipulated judgment contained a covenant not to execute is unavailing. (See Doc. No. 50-1 at 6.) As the California Courts have stated "the fact the insured's settlement with the injured party included a covenant not to execute against the insured does not prevent the

judgment from being binding on the insurer." Wright, 11 Cal.App.4th at 1017. Indeed, the California Courts have expressly endorsed such a covenant not to execute:

> [T]he rule is settled in other jurisdictions that where the insurer has repudiated its obligation to defend a defendant in the absence of fraud may, without forfeiture of his right to indemnity, settle with the plaintiff upon the best terms possible, taking a covenant not to execute. Moreover, the giving of such a covenant by plaintiff (the injured party) does not bar his subsequent action directly against the insurer. The reason for the rule, rather obviously, is that the injured party should not be penalized for an attempt to minimize his damages. We adopt it as applicable in California.

Zander v. Casualty Ins. Co. of Cal., 259 Cal.App.2d 793, 802-03 (1968); accord Pruyn v. Agric. Ins. Co., 36 Cal.App.4th 500, 516-17, 521-22 (1995); Samson v. Transamerica Ins. Co., 30 Cal.3d 220, 240-41 (1981) (citing Zander, 259 Cal.App.2d at 802). The language in Zander clearly negates Plaintiff's argument and Plaintiff has identified no cases that suggest the rule has changed.

### 2. Failure to Settle Claim

"[The covenant of good faith and fair dealing] imposes a number of obligations upon insurance companies, including an obligation to accept a reasonable offer of settlement." PPG Indus., Inc., 20 Cal.4th at 314-15; accord Crisci v. Security Ins. Co. of New Haven, Conn., 66 Cal.2d 425, 430-31 (1967) ("it may not be unreasonable for an insured who purchases a policy with limits to believe that a sum of money equal to the limits is available and will be used so as to avoid liability on his part"). Most commonly, claims for bad faith refusal to settle arise from judgments that exceed the insurance policy's limit. E.g., Samson, 30 Cal.3d at 237. An excess judgment, however, is not necessary. Howard, 187 Cal.App.4th at 527 ("An insurer's wrongful failure to settle may be actionable even without rendition of an excess judgment."); accord Camelot by the Bay Condo. Owners' Assn. v. Scottsdale Ins. Co., 27 Cal.App.4th 33, 48 ("Finally, there is no explicit requirement for bad faith liability that an excess judgment is actually

suffered by the insured"). Whether a decision to refuse to settle was reasonable is necessarily a question of fact. See Peak-Las Positas Partners v. Bollag, 172 Cal.App.4th 101, 106 (2009) ("Good faith and objective reasonableness are questions of fact, based on all the circumstances.").

    Defendants' counterclaim allege that Plaintiff unreasonably refused to accept the settlement offers Defendants extended to Mountain. (Doc. No. 47 ¶¶ 76-82.) In particular, Defendants allege that Plaintiff repeatedly asserted that Mountain's claim was not covered under the policy, refused to offer any money to settle the action by Defendants against Mountain, and tried to prevent Mountain from settling through the threat of lawsuit. (Id. ¶ 33.) Furthermore, Defendants allege that Plaintiff improperly used confidential information from Mountain's defense counsel to further its own interests. (Id. ¶ 94.) Defendants allege Plaintiff engaged in such conduct for the malicious purpose of harming Mountain and pressuring it into a course of litigation conduct that served Plaintiff's interests. (Id. ¶ 117.) And as a result of Plaintiff's conduct, Defendants allege to have suffered additional damages arising from the delay in resolving Mountain's claim. (Id. ¶¶ 109, 116.) These facts are enough to plead a breach of the covenant of good faith and fair dealing for failure to reasonably settle claims.

    "An insured may recover for bad faith failure to settle, despite the lack of an excess judgment, where the insurer's misconduct goes beyond a simple failure to settle within policy limits or the insured suffers consequential damages apart from an excess judgment." Howard, 187 Cal.App.4th at 527. For example, in Bodenhamer v. Superior Court, 192 Cal.App.3d 1472 (1987), a California appeals court held that an insurer breached its covenant of good faith and fair dealing when it unreasonably delayed in settling a case, thereby injuring the insured's good will. Id. at 1480. Similarly, in Larraburu Bros., Inc. v. Royal Indem. Co., 604 F.2d 1208 (9th Cir. 1979), the Ninth Circuit held that an insurer breached its covenant of good faith and fair dealing where an unreasonable refusal to settle damaged the insured's credit. Id. at 1215 ("An unreasonable refusal to accept a settlement offer causes the insurer to be liable for

consequential damages, such as mental suffering or economic loss, unless the insurer takes some action to eliminate the injury its earlier conduct otherwise would have caused."). Accepting Defendants' allegations as true, and making all reasonable inferences in their favor, Defendants have sufficiently plead facts establishing that Plaintiff's conduct "[went] beyond a simple failure to settle within policy limits" and they suffered consequential damages. Howard, 187 Cal.App.4th at 527.

As Defendants have properly pled both challenged causes of action, the Court denies Plaintiff's motion to dismiss Defendants' bad faith claims. (Doc. No. 50.)

### C. Punitive Damages

Plaintiff also moves to dismiss Defendants' prayer for punitive damages. (Doc. No. 50-1 at 9-10.) First, Plaintiff argues that punitive damages are not available under Defendants' assigned causes of action because punitive damages cannot be assigned. Second, Plaintiff argues that punitive damages are also unavailable under Defendants' creditor judgment claim. The Court agrees with Plaintiff.

Punitive damages arising from bad faith conduct in connection with an insurance policy cannot be assigned. Murphy v. Allstate Ins. Co., 17 Cal.3d 937, 942 (1976) ("And because a purely personal tort cause of action is not assignable in California, it must be concluded that damage for emotional distress is not assignable. The same is true of a claim for punitive damages.") (citation omitted); accord Essex Ins. Co. v. Five Star Dye House, Inc., 38 Cal.4th 1252, 1263 (2006) ("Although some damages potentially recoverable in a bad faith action, including damages for emotional distress and punitive damages, are not assignable, the cause of action itself remains freely assignable as to all other damages.") (citation omitted); see also California Practice Guide: Insurance Litigation Ch. 13-C, § 13:199 (2016) ("Unless otherwise provided by statute, punitive damages are recoverable only by the immediate person injured, and not by an assignee."). As such, Defendants' prayer for punitive damages cannot rest on Mountain's assigned claims.

Similarly, Defendants' prayer for punitive damages cannot rest on their judgment creditor claim. Punitive damages are only available for actions arising in tort. Cal. Civ. Code § 3294 ("[Plaintiff may recover punitive damages] in an action for the breach of an obligation not arising from contract"); see also Cates Constr., Inc. v. Talbot Partners, 21 Cal.4th 28, 61 (1999) ("In the absence of an independent tort, punitive damages may not be awarded for breach of contract even where the defendant's conduct in breaching the contract was wilful, fraudulent, or malicious.") (internal quotation marks omitted); California Practice Guide: Insurance Litigation Ch. 13-C, § 13:194 ("Plaintiff must therefore plead and prove a tortious breach of the implied covenant or other tort before punitive damages are available."). Here, Defendants' have not plead a personal tort claim against Plaintiff and, thus, have asserted no basis for punitive damages.

Defendants' only cause of action brought on their own behalf—as opposed to those assigned to them by Mountain—is a judgment creditor action. (Doc. No. 47 ¶¶ 56-61.) However, this judgment creditor action arises from the insurance contract between Plaintiff and Mountain. Cal. Ins. Code § 11580(b)(2) ("whenever judgment is secured against the insured . . . then an action may be brought against the insurer on the policy"); Phillips v. Noetic Specialty Ins. Co., 919 F.Supp.2d 1089, 1096 (2013) ("Once a party has a final judgment against the insured, the claimant becomes a third-party beneficiary of the insurance policy and may enforce the terms which flow to its benefit pursuant to § 11580."); Doak v. Superior Court for Los Angeles County, 257 Cal.App.2d 825, 829 (1968) ("[Section 11580] created a contractual relation between the insurer under a liability insurance policy and third persons who are negligently injured by the assured"). Thus, a judgment creditor action sounds in contract, not in tort, and cannot justify a prayer for punitive damages. Cal. Civ. Code § 3294.

This is not to say that a judgment creditor can never seek punitive damages. See, e.g., Jones v. St. Paul Travelers, 496 F.Supp.2d 1079, 1087 (N.D. Cal. 2007) ("The Court concludes that even though California Insurance Code § 11580 does not explicitly create a judgment creditor action for punitive damages, plaintiffs are not barred from bringing

such claim under California Civil Code § 3294."); <u>Gelfand v. North Am. Capacity Ins. Co.</u>, 2013 WL 6662501, *5 n.6 (N.D. Cal. Dec. 17, 2013) ("As a threshold matter, while section 11580 does not explicitly provide for punitive damages, a judgment creditor is not barred from bringing such a claim under California Civil code § 3294."); <u>Ham v. Cont'l Ins. Co.</u>, 2009 WL 513474, *4 (N.D. Cal. March 2, 2009). However, the judgment creditor must plead a tort action sufficient to support a claim for punitive damages. <u>E.g.</u>, <u>Jones</u>, 496 F.Supp.2d at 1087 (judgment creditor could pursue a bad faith claim against insurer for unreasonably withholding payment); <u>accord</u> <u>Hand v. Farmers Ins. Exchange</u>, 23 Cal.App.4th 1847, 1857 (1994) ("the duty not to withhold in bad faith payment of adjudicated claims runs not only in favor of the insured but also in favor of a judgment creditor such as plaintiff here"). Here, Defendants have not pled a bad faith claim on their own behalf and, thus, cannot seek punitive damages. As such, the Court grants Plaintiff's motion and strikes Defendants' prayer for punitive damages.

## II. **MOTION TO STRIKE**

Federal Rule of Civil Procedure 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Courts have relied on Rule 12(f) to strike pleadings that include inadmissible or privileged information. <u>See, e.g.</u>, <u>Fodor v. Blakey</u>, 2012 WL 12893986, *5 (C.D. Cal. Dec. 31, 2012); <u>Todd v. STAAR Surgical Co.</u>, 2015 WL 13388227, *4 (C.D. Cal. Aug. 21, 2015). Whether to strike portions of a pleading is left to the sound discretion of the trial court. <u>Neighbors of Cuddy Mountain v. Alexander</u>, 303 F.3d 1059, 1070 (9th Cir. 2002).

Plaintiff moves to strike four passages from Defendants' pleadings because they allegedly contain privileged communications in connection with a mediation proceeding. (Doc. No. 51-1 at 3.) In their entirety, the challenged passages state:

> Paragraph 43: "Travelers refused to offer any money to settle the case, claiming there was no coverage, and effectively did not participate."

> Paragraph 43: "On information and belief, Counterclaimants allege that Travelers attended the mediation solely to threaten and pressure Mountain not to settle directly with Counterclaimants for Travelers' own purposes and to the detriment of Mountain."
>
> Paragraph 79: "Travelers . . . refused to mediate in good faith[.]"
>
> Paragraph 108: "[T]he McCloskey firm on behalf of Travelers . . . engaged in other tactics intended to delay the Underlying Action and run up costs, including but not limited to . . . agreeing to continue the trial for a mediation in which it did not participate in good faith[.]"

(Doc. No. 51-1 at 3-4.) None of these passages should be stricken.

Many of the facts Plaintiff seeks to strike were previously introduced by Plaintiff in this litigation. On October 7, 2016, Plaintiff requested the Court take judicial notice of the stipulated judgment between Defendants and Mountain. (Doc. No. 13-2 at 2.) This stipulated judgment contains many of the now-challenged facts. For example, the stipulated judgment clearly states that "[Plaintiff] refused to offer any money to settle the case claiming there was no coverage. No *White* Waiver was conveyed to [Plaintiff] during the mediation." (Doc. No. 13-3 ¶ 2.21.) Plaintiff did not object to this information when it was first introduced—indeed, it requested the Court take notice of it. As such, Plaintiff cannot now object to introduction of the same material by Defendants. See Chevron Corp. v. Pennzoil Co., 974 F.2d 1156, 1162 (9th Cir. 1992) (a party may not use privilege as both a sword and a shield).

Furthermore, much of the allegedly confidential information included in Defendants' counterclaims is not protected. Plaintiff challenges this information under California Evidence Code § 1119, which protects as confidential various forms of communication made for purpose of, in the course of, or pursuant to mediation. Cal. Evid. Code § 1119. This privilege, however, does not extend beyond communications. See, e.g., Long Beach Mem'l Med. Center v. Superior Court, 172 Cal.App.4th 865, 875 (2009) ("we may not consider the statements made during mediation, although we may

consider oral statements of the settlement terms"). Thus, for example, the allegation that "[Plaintiff] attended the mediation solely to threaten and pressure Mountain" is not protected because it does not disclose anything communicated during the mediation; it simply alleges a motivation. Similarly, the statement that "[Plaintiff] . . . refused to mediate in good faith" contains no protected communications. Thus, the Court, exercising its sound discretion, denies Plaintiff's motion to strike the pleadings pursuant to Rule 12(f).

## CONCLUSION

For the foregoing reasons, the Court grants, in part, and denies, in part, Plaintiff's motion to dismiss. (Doc. No. 50.) The Court strikes Defendants' prayer for punitive damages as it is unsupported by their pleadings but allows Defendants' bad faith claims. Furthermore, the Court denies Plaintiff's motion to strike. (Doc. No. 51.)

**IT IS SO ORDERED.**

DATED: June 23, 2017

Hon. Marilyn L. Huff
United States District Judge